(71 Misc. Rep. 121.)

### NEW ENGLAND FURNITURE CO. v. JOSEPH.

(Supreme Court, Appellate Term. February, 1911.)

JUDGMENT (§ 956*)—RES JUDICATA—RECORD.

In an inferior court, where no formal judgment is entered, other than an indorsement on the papers, it is proper to examine the record, to discover whether a previous disposition of the case, claimed to be res judicata, was a dismissal on the merits, or merely a dismissal for failure of proof.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1822–1825; Dec. Dig. § 956.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by the New England Furniture Company against Morris Joseph. From a judgment of the Municipal Court of the City of New York, dismissing the complaint, plaintiff appeals. Reversed.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Otto A. Samuels, for appellant.

Jacob Cebulsky, for respondent.

PER CURIAM. On the trial of this action defendant offered in evidence the judgment roll of a prior action between the same parties, and asked for the dismissal of the complaint on the ground of res judicata. The judgment roll in the prior action is not in evidence; but the court, while examining it, and evidently reading from it, states that the complaint was dismissed on the merits. The minutes of the previous trial are in evidence, however, and show that at the close of the case defendant moved to dismiss, on the ground that the plaintiff had failed to prove delivery, which motion was granted.

In a court of inferior jurisdiction, such as the Municipal Court of the City of New York, where no formal judgment is entered, other than the indorsement of the justice on the papers, it is proper to examine the record, to discover what disposition was actually made of the case. The previous disposition, having been merely dismissal for failure of proof, was not a bar to the present action.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.